**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> RONALD LEE PRESTON RUPP, <br><br> Defendant. | **No. 04-CR-4025-DEO** <br><br> **ORDER ON REPORT AND RECOMMENDATION** |

Before the Court and on file at Docket No. 66 is the Report and Recommendation ("R&R") issued by Magistrate Judge Leonard T. Strand concerning the USA's Petition to Revoke Supervised Release. The R&R recommends that the Government's motion to revoke Mr. Rupp's supervised release be granted, that Mr. Rupp be sentenced to time served, and that the existing terms of Mr. Rupp's Terms of Supervised Release [hereinafter TSR] be reimposed and modified consistent with the above report. The parties have not filed any objections to the Report and Recommendation.

**I. FACTS**

On September 8, 2004, Rupp was sentenced to 92 months of incarceration and four years of supervised release based on his pleas of guilty to (a) conspiracy to distribute 50 grams or more of methamphetamine mixture and (b) distribution of 50

grams of methamphetamine mixture. See Docket # 37. After completing his federal prison term, Rupp began serving his term of supervised release (TSR) on February 25, 2011. As discussed in the Report and Recommendation, Mr. Rupp failed to show for random drug tests several times in 2011 and 2012. Based on those failures, his TSR was modified to included community services. In April 2012, Mr. Rupp failed a drug test and attempted to cheat the test. His TSR was modified to included five weekends in jail. This Court also added a condition that Mr. Rupp find and maintain full time employment, or he would need to reside in a Residential Reentry Center for 180 days and perform additional community service. At that time, he gained employment.

On November 20, 2012, Mr. Rupp was asked to provide a pay stub to Probation and admitted that he had been unemployed for about five weeks. He stated that his employment had been terminated due to a dispute with his employer. Not only was this a violation, but it also turned out to be a false statement. Probation contacted Mr. Rupp's former employer and learned that Mr. Rupp's actual last date of employment was August 28, 2012. Mr. Rupp had called in sick on August 29 and

30, 2012, and on September 6, 2012, his girlfriend called to report that Mr. Rupp had been hospitalized since September 4, 2012. Mr. Rupp made no further contact with the employer and did not return to work.

## II. STANDARD

Pursuant to statue, this Court's standard of review for a magistrate judge's Report and Recommendation is as follows:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge].

28 U.S.C. § 636(b)(1).

## III. ANALYSIS

The Court has reviewed the Report and Recommendation, along with the entire file, and finds Judge Strand's analysis and recommendations are appropriate and correct. The Court notes that neither party has filed an objection. Accordingly, the Court hereby ADOPTS the Report and Recommendation in its entirety. For the reasons set forth therein, the Court finds

3

by a preponderance of the evidence that Mr. Rupp violated the terms and conditions of his supervised release.[1]

**IV. CONCLUSION**

**IT IS THEREFORE HEREBY ORDERED** that this Court accepts Judge Strand's Report and Recommendation. The Court orders U.S. Probation to take all necessary steps to comply with the Report and Recommendation, which states that:

> I have given careful consideration to the factors set forth in 18 U.S.C. § 3553(a), and hereby recommend that Rupp's TSR be revoked and that Rupp be sentenced to time served. I further recommend that the terms of Rupp's TSR be re-imposed and that they be modified to include: (a) GPS monitoring and home detention for 60 days, under terms and conditions to be established by Probation, and (b) incarceration for six consecutive weekends in a facility to be designated by Probation. In light of the foregoing, I find that revocation with a sentence of time served, along with the modifications described above, will further the goals of deterrence and incapacitation, reflects the seriousness of Rupp's conduct, and provides just punishment for such conduct. Such a sentence is "sufficient,

---

[1] Although the contents of the Report and Recommendation will not be repeated, it is hereby referenced and incorporated as if fully set out herein.

4

>     but not greater than necessary, to comply
>     with" the sentence's purposes as set forth
>     in § 3553(a)(2).  See 18 U.S.C. § 3553(a).

Docket #66, p. 8.

**IT IS SO ORDERED** this 4th day of January, 2013.

_____
Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa   No